UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

---

In re:
**Judy Moore Waldron,**

Bankruptcy Case No.: 10-80868

Soc. Sec. No. xxx-xx-6146
Mailing Address: 502 Gaither Ashley Road,
Timberlake, NC 27583

                              Debtor.

---

**Judy Moore Waldron,**

                        Plaintiff,    A.P. No.: 10-9069

**American General Finance,**

                        Defendant.

---

## ANSWER OF DEFENDANT AMERICAN GENERAL

American General Financial Services, Inc. ("American General"), improperly designated in Plaintiff's Complaint as American General Finance, responds to the allegations of the Complaint of Plaintiff Judy Moore Waldron ("Plaintiff") as follows:

### FIRST DEFENSE

American General responds to the numbered allegations of Plaintiff's Complaint by way of like number and paragraph as follows:

1. The allegations of Paragraph 1 of Plaintiff's Complaint are not allegations of fact but rather conclusions of law. As such, no response to the same is required. To the extent a response is required, the allegations of Paragraph 1 of Plaintiff's Complaint are admitted upon information and belief.

2. The allegations of Paragraph 2 of Plaintiff's Complaint are not allegations of fact but rather conclusions of law. As such, no response to the same is required. To the extent a response is required, it is admitted that Plaintiff alleges that she filed the Complaint for the purpose of determining the validity of a lien held by American General. Except as admitted, American General is without sufficient knowledge and/or information to form a belief as to the

remaining allegations of Paragraph 2 of Plaintiff's Complaint and therefore denies the same at this time.

3. The allegations of Paragraph 3 of Plaintiff's Complaint are admitted based upon information and belief.

4. With respect to the allegations of Paragraph 4 of Plaintiff's Complaint, it is admitted that American General Financial Services, Inc. is a corporation which has an office located at 805 N. Madison Boulevard, Roxboro, North Carolina. It is denied that American General Financial Services, Inc. has a principal place of business located in Roxboro, North Carolina. With respect to the remaining allegations of Paragraph 4 of Plaintiff's Complaint, the same are not allegations of fact but rather conclusions of law. As such, no response to the same is required.

5. The allegations of Paragraph 5 of Plaintiff's Complaint are admitted based upon information and belief.

6. The allegations of Paragraph 6 of Plaintiff's Complaint are admitted based upon information and belief.

7. With respect to the allegations of Paragraph 7 of Plaintiff's Complaint, American General is without sufficient knowledge and/or information to form a belief as to the same and therefore denies the same at this time.

8. The allegations of Paragraph 8 of Plaintiff's Complaint are admitted.

9. With respect to the allegations of Paragraph 9 of Plaintiff's Complaint, it is admitted that the referenced Proof of Claim is in writing and is the best evidence of its contents. American General denies any of the allegations of Paragraph 9 Plaintiff's Complaint which are inconsistent with the written Proof of Claim.

10. The allegations of Paragraph 10 of Plaintiff's Complaint are not allegations of fact but rather conclusions of law. As such, no response to the same is required. To the extent a response is required, said allegations are denied.

11. The allegations of Paragraph 11 of Plaintiff's Complaint are not allegations of fact but rather conclusions of law. As such, no response to the same is required. To the extent a response is required, said allegations are denied.

12. The allegations of Paragraph 12 of Plaintiff's Complaint are not allegations of fact but rather conclusions of law. As such, no response to the same is required. To the extent a response is required, said allegations are denied.

13. The allegations of Paragraph 13 of Plaintiff's Complaint are not allegations of fact but rather conclusions of law. As such, no response to the same is required. To the extent a response is required, said allegations are denied.

## SECOND DEFENSE
### (Declaration of Validity)

The referenced Deed of Trust was witnessed and notarized by a Notary Public creating a presumption of its legality and validity. As such, the Deed of Trust constitutes a valid conveyance of a security interest to American General, and Plaintiff's claims to set aside the Deed of Trust and/or lien or, alternatively, to declare the Deed of Trust and/or lien void are invalid and barred, and should be dismissed with prejudice.

## THIRD DEFENSE
### (Public Records)

To the extent the matters complained of are not shown in the relevant chain of title and the public records of Person County, American General was under no duty to discover them.

## FOURTH DEFENSE
### (Ratification, Waiver, Estoppel, and Laches)

Plaintiff ratified the transactions which are the subject of this lawsuit and any related transactions by failing to challenge the validity of the transactions prior to the filing of the Complaint herein. Any claims arising out of the transactions at issue should be barred under the doctrines of ratification, waiver, estoppel and laches.

## FIFTH DEFENSE
### (Reservation of Right to Add Additional Defenses)

American General reserves and does not waive any further additional defenses which may be revealed by additional information which may be acquired in discovery or otherwise.

WHEREFORE, American General, having fully responded to the allegations of Plaintiff's Complaint, prays the Court as follows:

1) That the Plaintiff's action as against American General be dismissed with prejudice;

2) That the Court deem that the Deed of Trust of American General and/or the lien at issue to be valid and enforceable, resulting in American General maintaining its secured claim;

3) That the costs of this action be taxed to the Plaintiff; and

4) That American General have such additional relief as it may be entitled to under the facts and the applicable law.

Dated this the 8th day of October, 2010.

HTPL: 440564 v1

s/ Kristin D. Ogburn
Kristin Decker Ogburn
North Carolina State Bar No. 20506
Keith B. Nichols
North Carolina State Bar No. 29364
Horack, Talley, Pharr & Lowndes
301 South College Street, Ste. 2600
Charlotte, North Carolina 28202
Telephone: 704/ 377-2500
Facsimile: 704/ 714-7935
Email: KOgburn@horacktalley.com
*Attorneys for American General Financial Services, Inc.*

HTPL: 440564 v1

## CERTIFICATE OF SERVICE BY MAILING

I certify that on this date, I served a copy of the foregoing and attached **ANSWER** upon the attorney of record in this action electronic mail and by depositing a copy thereof, enclosed in a pre-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service, properly addressed as follows:

> Edward Boltz
> Law Offices of Orcutt, Bledsoe & Boltz
> 1738-D Hillandale Road
> Durham, North Carolina 27705

This 8th day of October, 2010.

s/ Kristin D. Ogburn
Kristin Decker Ogburn
North Carolina State Bar No. 20506
Keith B. Nichols
North Carolina State Bar No. 29364
Horack, Talley, Pharr & Lowndes
301 South College Street, Ste. 2600
Charlotte, North Carolina 28202
Telephone: 704/ 377-2500
Facsimile: 704/ 714-7935
Email: KOgburn@horacktalley.com
*Attorneys for American General Financial Services, Inc.*